IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| BARBARA REYNARD, Executrix of the Estate of RAY FELLOWS, Deceased, and BARBARA REYNARD, in her own right | : : : : | EDPA Civil Action No. 09-cv-91427 |
| v. | : : : | *Transferred from:* |
| ALLIED GLOVE CORPORATION, et al | : : : | *U.S. District Court for the Northern District of Ohio Civil Action No. 09-10015* |

FILED

JUN 0 4 2010

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM AND ORDER

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                June 4, 2010

This asbestos case was initially brought in the Court of Common Pleas of Cuyahoga County, Ohio. In order for an asbestos claim based on lung cancer to be sustained by or on behalf of a smoker, Ohio's Revised Code requires a plaintiff to make a prima facie showing by submitting a written report that the person has a physical impairment, that the impairment is a result of a medical condition, and that the person's exposure to asbestos is a substantial contributing factor to the medical condition. See Ohio R.C. 2307.92(C)(1). In complying with this requirement, plaintiffs submitted a Physician's Report prepared by Satyasagar Morisetty, M.D., and a pathology report from Trinity Health System. The case was removed to the United States District Court for the Northern District of Ohio on April 24, 2009, and was subsequently transferred to this district by the Judicial Panel on Multidistrict Litigation.

The case was referred to the undersigned for settlement and for pretrial purposes by the Honorable Eduardo Robreno, judicial overseer of the asbestos multidistrict litigation. On February 16, 2010, I entered a scheduling order, setting a fact discovery deadline of July 1, 2010, and a deadline for plaintiffs' expert reports of July 30, 2010.

On April 15, 2010, Dr. Morisetty was served with a deposition subpoena. On April 20, 2010, plaintiffs filed a motion to quash the subpoena, to which defendants[1] have responded, and Plaintiffs have filed a reply. See Docs. 50, 64, 67. I held oral argument on June 1, 2010. For the reasons that follow, I will deny plaintiffs' motion.

## DISCUSSION

Plaintiffs argue that because the Ohio statute requiring a prima facie showing to bring suit is procedural and because the time for challenging their prima facie case has passed, any discovery associated with the prima facie showing is irrelevant and untimely under Ohio law. See Pl.'s Mot. at ¶¶ 7, 8 (citing, inter alia, Norfolk S. Ry. Co. v. Bogle, 115 Ohio St.3d 455, 875 N.E.2d 919 (2007); Ackison v. Anchor Packing Co., 120 Ohio St.3d 228, 897 N.E.2d 1118, 1124 (2008)). Plaintiffs also argue that Dr. Morisetty is not subject to deposition because he is an expert employed in anticipation of litigation. See Pl.'s Mot. at ¶¶ 16, 17. Both in response to the motion, see Def.'s Resp. at 3, and at the

---

[1]The defendants who initially noticed Dr. Morisetty's deposition were Fabri-Valve Company, The Goodyear Tire & Rubber Company, Trane US Inc., and Treco Construction Services, Inc., and these same defendants have responded to the instant motion to quash. The deposition subpoena was issued in the name of defendant J.H. France Refractories Company. See Doc. 64 Exhs. 3, 4.

oral argument, defendants state that they seek to depose Dr. Morisetty not to challenge plaintiffs' prima facie case, but because he possesses discoverable information in relation to plaintiffs' claims.

While plaintiffs' papers are silent on this point, plaintiffs' counsel confirmed during oral argument that Dr. Morisetty was Mr. Fellows' treating pulmonologist. Nevertheless, plaintiffs maintain that the Physician's Report is irrelevant because it was filed to fulfill a requirement of Ohio law. In Dr. Morisetty's Physician's Report, he concludes that Mr. Fellows suffered from lung cancer, has had a substantial occupational exposure to asbestos, and that more than ten years had elapsed between Mr. Fellows' initial exposure to asbestos and the diagnosis of cancer. See Doc. 64 Exh. 1.[2] Although the report may not be relevant at trial, the information contained in the report is clearly discoverable. Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of any non-privileged matter relevant to a claim or defense. Clearly Mr. Fellows' treating pulmonologist has information relevant to the claims in this lawsuit, such as diagnosis

---

[2]Dr. Morisetty's report is somewhat ambiguous. The final paragraph of the report contains a list wherein the doctor indicated his opinion that: (a) Mr. Fellows has primary lung cancer; (b) Mr. Fellows has had substantial occupational exposure to asbestos; (c) more than 10 years have elapsed between Mr. Fellows' initial exposure to asbestos and the diagnosis of lung cancer; and (d) exposure to asbestos is a substantial contributing factor to Mr. Fellows' lung cancer. See Doc. 64 Exh. 1 ¶ 7. The ambiguity arises because items a, b and c are all circled, whereas item d is not. It is not clear from the document whether Dr. Morisetty made those handwritten circles, and thus whether he endorsed an opinion that Mr. Fellows' asbestos exposure was a substantial contributing factor in his lung cancer. The Ohio statute requires that the causation opinion be presented in support of the prima facie case. See Ohio R.C. 2307.92(C)(1).

3

and pain and suffering, and to possible defenses to the claims, such as Mr. Fellows' prior medical and smoking history.

Moreover, to the extent plaintiffs' counsel relies on the opinion of the Honorable Leo Spellacy of the Court of Common Pleas of Cuyahoga County, Ohio, to conclude that the Ohio statute does not provide for the discovery deposition of the doctor who has provided a report to meet the prima facie showing, I believe they have misread the opinion. Judge Spellacy notes that defendants can depose the doctors "at the appropriate time per this court's case management order." Mazzella v. Adience Inc., CV-05-570294 (Ct. C. Pl. Cuyahoga Cty) (undated) (attached to Doc. 50 at Exh. 1). At this point in the proceedings, discovery in the Fellows case is well underway and scheduled to close on July 1. This is the appropriate time for the discovery deposition of Dr. Morisetty.

To the extent plaintiffs' counsel maintains that Dr. Morisetty is not subject to deposition because his report was prepared in anticipation of litigation pursuant to Federal Rule of Civil Procedure 26(b)(4)(B),[3] I reject the argument. Dr. Morisetty, as a treating physician, is clearly not a physician "employed in anticipation of litigation" as contemplated by Federal Rule of Civil Procedure 26(b)(4)(B). See Martin v. Sears, Roebuck & Co., No. 06-2238, 2007 WL 2782263, at *2 (M.D. Pa. 2007) (treating physician is not expert employed in anticipation of litigation); Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 Amendment (noting a treating physician may be

---

[3]At the oral argument, plaintiffs' counsel seemed to abandon this argument.

4

deposed without the requirement for an expert report). Thus, this case is even more clear than that recently before Judge Robreno, in which the court ordered the deposition of doctors who had provided screening examinations in the course of the asbestos MDL litigation. See In re Asbestos Prods. Litig. (No. VI), 256 F.R.D. 151 (E.D. Pa. 2009) (denying motion to quash deposition subpoenas where doctors, who examined plaintiffs for purpose of providing diagnosis in litigation, did not meet burden to show they were hired only as consulting expert witnesses).

During oral argument, plaintiffs' counsel conceded that the defense could properly question Dr. Morisetty about factual matters, including his treatment of Mr. Fellows and his communications with counsel. Plaintiffs' objection is that, because Dr. Morisetty's report was prepared purely to meet a state-law procedural requirement and because plaintiffs are not calling Dr. Morisetty as a testifying expert, the defendants should not be permitted to ask him about his opinions in the area of asbestos causation. As previously mentioned, Dr. Morisetty's report is ambiguous as to causation. If Dr. Morisetty did conclude that Mr. Fellows' exposure to asbestos was a substantial contributing factor to his lung cancer, defense counsel may certainly inquire into the basis for that conclusion. Similarly, if the doctor concluded that he could not endorse a causation opinion, defense counsel may inquire into the basis for that as well.

**CONCLUSION**

Because Dr. Morisetty is a treating physician, who has information relevant to the claims and defenses in this suit, the Federal Rules of Civil Procedure permit his deposition. Similarly, because he is a treating physician, his deposition cannot be shielded by invocation of Rule 26(b)(4)(B). In the event Dr. Morisetty's deposition cannot be scheduled within the month of June, I will extend the discovery deadline, limited to his deposition to the end of July, upon request of counsel.

An appropriate Order follows.